UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CARMEN DIAZ,

                Plaintiff,

- versus -

VERIZON; MR. LOWELL C. MCADAM, President
CEO; DIRECT TV; MR. MICHAEL D. WHITE,
President CEO,

                Defendants.
-----------------------------------------------------------------x

MEMORANDUM AND ORDER
12-CV-4720 (JG)

JOHN GLEESON, United States District Judge:

Plaintiff Carmen Diaz filed this *pro se* action, accompanied by an application to proceed *in forma pauperis*, on September 17, 2012. Plaintiff's financial status, as set forth in that application, qualifies her to commence this action without prepayment of the filing fees. 28 U.S.C. § 1915(a)(1). Accordingly, the application to proceed *in forma pauperis* is granted. However, for the reasons discussed below, the court dismisses the complaint for lack of subject matter jurisdiction.

## BACKGROUND

Diaz brings this action against Verizon, Direct TV, and their respective Presidents and Chief Executive Officers.[1] Diaz alleges that she entered into an agreement with Verizon in 2009 or 2010 for television, internet, and phone services. Compl. at ¶ 4(1). She further alleges that, unbeknownst to her, Verizon and Direct TV had a contractual agreement whereby Direct TV would provide Diaz with television services. *Id*. at ¶ 4(2). Two years after establishing service with Verizon, Diaz alleges that she switched to another provider. *Id*. at ¶ 4(3). Diaz asserts that when she paid her final bill to Verizon, Verizon should have but failed to forward a portion of her payment to Direct TV, which would fulfill her outstanding bill with Direct TV. *Id*. at ¶¶ 4(3), 4(5). Diaz contends that Direct TV then proceeded to establish an account under her name in an

---

[1] It is not clear from the complaint whether Diaz meant to include Verizon and Direct TV as defendants. Though the caption on the complaint includes all four parties, the body of the complaint only includes the Presidents and Chief Executive Officers as parties. I assume here that she meant to assert claims against all four.

attempt to collect that outstanding bill in the amount of $100.57, which has since accrued a balance of $370.31. *Id.* at ¶ 4(7). Diaz further contends that a collection agency is attempting to collect $73.12, the amount that remains unpaid in the Direct TV account, on behalf of Direct TV. *Id.* at ¶ 4(8). Diaz alleges that her credit score has been affected as a result. *Id.* Diaz seeks equitable relief directing Verizon to pay Direct TV the outstanding amount owed and directing Direct TV to cancel the account established under her name. Diaz further seeks two million dollars in damages.

## DISCUSSION

A. *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy" or "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

District courts are required to read *pro se* complaints liberally; "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The court must therefore interpret the complaint "to raise the strongest arguments that it suggests." *Chavis v. Chappuis*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010)) (internal quotation marks omitted). Moreover, at the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

B. *Subject Matter Jurisdiction*

Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005); *Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 397 (2d Cir. 2009). Lack of subject matter jurisdiction cannot be waived, *United States v. Cotton*, 535 U.S. 625, 630 (2002), and may be raised at any time by a party or by the court *sua sponte*. *Henderson ex rel. Henderson v. Shinseki*, 131 S.Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Where a court lacks subject matter jurisdiction, dismissal is mandatory. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed.R.Civ.P. 12(h)(3). The plaintiff, even if proceeding *pro se*, bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Hamm v. U.S.*, 483 F.3d 135, 137 (2d Cir. 2007); *Ally v. Sukkar*, 128 Fed.Appx. 194, 195 (2d Cir. 2005) ("Although we construe a *pro se* plaintiff's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action.") (citations omitted).

The complaint invokes the jurisdiction of the court under 28 U.S.C. § 1332(a). The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. *Arbaugh*, 546 U.S. at 513. Section 331 provides for "[f]ederal-question" jurisdiction; § 1332 provides for "[d]iversity of citizenship" jurisdiction. 28 U.S.C. §§ 1331-32. "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513. She properly invokes § 1332 jurisdiction "when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.* (citing 28 U.S.C. § 1332(a)).

The complaint fails to establish that the court has jurisdiction over this action. Diversity jurisdiction requires complete diversity of citizenship, where "the citizenship of each

plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The complaint states that Diaz resides in New York. It further states that one of the defendants also resides in New York. Therefore, complete diversity is lacking and this court lacks diversity jurisdiction over the complaint.

Absent diversity jurisdiction, federal question jurisdiction is required for the court to maintain subject matter jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. at 392. The complaint invokes the jurisdiction of the court solely under 28 U.S.C. § 1332, which provides for diversity jurisdiction. Moreover, the factual allegations do not state a claim involving violations of the U.S. Constitution or federal law. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.") (citations omitted); *Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480 (1915) ("Jurisdiction generally depends upon the case made and relief demanded by the plaintiff . . . ."). Therefore, the complaint must be dismissed because plaintiff fails to state a claim that would confer jurisdiction upon this court pursuant to federal question or diversity jurisdiction.

When dismissing a complaint, a court should afford the plaintiff an opportunity to amend her pleading "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). For example, Diaz's factual allegations regarding the collection of the outstanding bill owed to Direct TV suggest the possibility of a claim under The Fair Debt Collection Practices Act. *See* Appendix A. Therefore, I grant her leave to file an amended complaint in which she may invoke the jurisdiction of the court by alleging a violation of federal law.

CONCLUSION

Accordingly, the court dismisses the *pro se* complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(ii). Diaz may file an amended complaint within 30 days from the date of this order that sets forth a basis of this court's subject matter jurisdiction over the action. Plaintiff's amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. Plaintiff is advised that any amended complaint she files will completely replace the original complaint. If plaintiff fails to comply with this order within the time allowed, the case will be dismissed pursuant to Fed.R.Civ.P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(ii). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
October 25, 2012

# APPENDIX A

The Fair Debt Collection Practices Act – 15 U.S.C. §§ 1692 *et seq.*

§ 1692. Congressional findings and declaration of purpose

(a) Abusive practices

There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Inadequacy of laws

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Available non-abusive collection methods

Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Interstate commerce

Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) Purposes

It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

§ 1692a. Definitions

As used in this subchapter--

  **(1)** The term "Bureau" means the Bureau of Consumer Financial Protection.

**(2)** The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

**(3)** The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.

**(4)** The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

**(5)** The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

**(6)** The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include--

**(A)** any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

**(B)** any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;

**(C)** any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;

**(D)** any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;

**(E)** any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and

**(F)** any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

**(7)** The term "location information" means a consumer's place of abode and his telephone number at such place, or his place of employment.

**(8)** The term "State" means any State, territory, or possession of the United States, the District of Columbia, the Commonwealth of Puerto Rico, or any political subdivision of any of the foregoing.

## § 1692b. Acquisition of location information

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall--

**(1)** identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;

**(2)** not state that such consumer owes any debt;

**(3)** not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;

**(4)** not communicate by post card;

**(5)** not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and

**(6)** after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

## § 1692c. Communication in connection with debt collection

(a) Communication with the consumer generally

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--

>   **(1)** at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;
>
>   **(2)** if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or
>
>   **(3)** at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

(b) Communication with third parties

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

(c) Ceasing communication

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--

>   **(1)** to advise the consumer that the debt collector's further efforts are being terminated;
>
>   **(2)** to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
>   **(3)** where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.

(d) "Consumer" defined

For the purpose of this section, the term "consumer" includes the consumer's spouse, parent (if the

consumer is a minor), guardian, executor, or administrator.

## § 1692d. Harassment or abuse

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(1)** The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

**(2)** The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

**(3)** The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.

**(4)** The advertisement for sale of any debt to coerce payment of the debt.

**(5)** Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

**(6)** Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

## § 1692e. False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(1)** The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

**(2)** The false representation of--

   **(A)** the character, amount, or legal status of any debt; or

**(B)** any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

**(3)** The false representation or implication that any individual is an attorney or that any communication is from an attorney.

**(4)** The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

**(5)** The threat to take any action that cannot legally be taken or that is not intended to be taken.

**(6)** The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to--

**(A)** lose any claim or defense to payment of the debt; or

**(B)** become subject to any practice prohibited by this subchapter.

**(7)** The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

**(8)** Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

**(9)** The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

**(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**(11)** The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

**(12)** The false representation or implication that accounts have been turned over to innocent

purchasers for value.

**(13)** The false representation or implication that documents are legal process.

**(14)** The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

**(15)** The false representation or implication that documents are not legal process forms or do not require action by the consumer.

**(16)** The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 1681a(f) of this title.

§ 1692f. Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(1)** The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

**(2)** The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

**(3)** The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

**(4)** Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

**(5)** Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

**(6)** Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--

   **(A)** there is no present right to possession of the property claimed as collateral through an

enforceable security interest;

   **(B)** there is no present intention to take possession of the property; or

   **(C)** the property is exempt by law from such dispossession or disablement.

**(7)** Communicating with a consumer regarding a debt by post card.

**(8)** Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

§ 1692g. Validation of debts

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

   **(1)** the amount of the debt;

   **(2)** the name of the creditor to whom the debt is owed;

   **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability

The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings

A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section.

(e) Notice provisions

The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986, chapter 94 of this title, or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

## § 1692h. Multiple debts

If any consumer owes multiple debts and makes any single payment to any debt collector with respect to such debts, such debt collector may not apply such payment to any debt which is disputed by the consumer and, where applicable, shall apply such payment in accordance with the consumer's directions.

## § 1692i. Legal actions by debt collectors

(a) Venue

Any debt collector who brings any legal action on a debt against any consumer shall--

  **(1)** in the case of an action to enforce an interest in real property securing the consumer's

obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or

**(2)** in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity--

   **(A)** in which such consumer signed the contract sued upon; or

   **(B)** in which such consumer resides at the commencement of the action.

(b) Authorization of actions

Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors.

### § 1692j. Furnishing certain deceptive forms

(a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

(b) Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 1692k of this title for failure to comply with a provision of this subchapter.

### § 1692k. Civil liability

(a) Amount of damages

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--

   **(1)** any actual damage sustained by such person as a result of such failure;

   **(2)(A)** in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

   **(B)** in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

**(3)** in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

(b) Factors considered by court

In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors--

**(1)** in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; or

**(2)** in any class action under subsection (a)(2)(B) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

(c) Intent

A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

(d) Jurisdiction

An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

(e) Advisory opinions of Bureau

No provision of this section imposing any liability shall apply to any act done or omitted in good faith in conformity with any advisory opinion of the Bureau, notwithstanding that after such act or omission has occurred, such opinion is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

(. . .)

§ 1692n. Relation to State laws

This subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of

this subchapter from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter.